OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

February 26, 2002

The Honorable Leslie Poynter Dixon
Van Zandt County Criminal District Attorney
202 North Capitol
Canton, Texas 75103

Opinion No. JC-0471

Re: Whether a county may fax the required written notice of an officer's proposed salary and expenses to the officer under section 152.013 of the Local Government Code, and related question (RQ-0435-JC)

Dear Ms. Dixon:

Under section 152.013 of the Local Government Code, a county commissioners court, after adopting a budget for an upcoming fiscal year but before filing it with the county clerk, must inform each elected county and precinct officer of the officer's salary and personal expenses included in the budget by "written notice." TEX. LOC. GOV'T CODE ANN. § 152.013(c) (Vernon 1999); see Tex. Att'y Gen. Op. No. DM-405 (1996) at 3-4. You ask whether transmitting the required written notice by fax "with transmission verification" is sufficient to comply with section 152.013.[1] While section 152.013 requires the county commissioners court to provide each elected officer "written notice," it does not specify a means by which the notice must be provided to each officer. Accordingly, we conclude that transmission by fax does not violate section 152.013 as a matter of law.

You also ask whether, if a county or precinct officer does not receive the required written notice, the county may extend the time limit set by section 152.016 of the Local Government Code, which requires an officer "who is aggrieved by the setting of the officer's salary or personal expenses [to] request a hearing before the salary grievance committee . . . within five days after the date the officer receives" the written notice provided under section 152.013. TEX. LOC. GOV'T CODE ANN. § 152.016(a)(2) (Vernon 1999); see also id. § 152.013(c); Brief in Support, supra note 1, at 6. We conclude that an elected officer who does not receive the written notice is entitled to have five days after receiving the written notice in which to file his or her grievance under section 152.016. This does not extend the time period, but simply effectuates the time period set out by statute. The allowable time period does not extend beyond the start of the county's fiscal year, however.

---

[1]See Brief in Support of Request for Attorney General's Opinion, at 4, attached to Letter from Honorable Leslie Poynter Dixon, Van Zandt County Criminal District Attorney, to Susan Gusky, Chair, Opinion Committee, Texas Attorney General's Office (Sept. 17, 2001) (on file with Opinion Committee) [hereinafter Brief in Support].

Chapter 152, subchapter B of the Local Government Code provides a procedure by which a county must set the annual salary and personal expenses that will be paid to each elected county and precinct officer who is wholly paid from county funds. *See* TEX. LOC. GOV'T CODE ANN. §§ 152.011, .013 (Vernon 1999). The county commissioners court annually must set the "salary, expenses, and other allowances . . . at a regular meeting . . . during the regular budget hearing and adoption proceedings." *Id.* § 152.013(a). At least ten days before the date of the meeting, the commissioners court "must publish in a newspaper of general circulation in the county a notice of . . . any salaries, expenses, or allowances" that the budget proposes to increase, as well as the amount of the proposed increases. *Id.* § 152.013(b).

After the commissioners court has adopted the budget, "but before filing it with the county clerk," *see* Tex. Att'y Gen. Op. No. DM-405 (1996) at 4, section 152.013 requires the commissioners court to notify each officer of the proposed salary and personal expenses budgeted for the officer: "Before filing the annual budget with the county clerk, the commissioners court shall give written notice to each elected county and precinct officer of the officer's salary and personal expenses to be included in the budget." TEX. LOC. GOV'T CODE ANN. § 152.013(c) (Vernon 1999). Within five days of receiving the required written notice, an officer "who is aggrieved by the setting of the officer's salary or personal expenses may request a hearing before the salary grievance committee." *Id.* § 152.016(a); *see* Tex. Att'y Gen. Op. No. DM-405 (1996) at 4. A request for a hearing "must . . . be in writing"; must "be delivered to the . . . chair" of the salary grievance committee "within five days after the date the officer receives notice of the salary or personal expenses"; and must "state the desired change in salary or personal expenses." TEX. LOC. GOV'T CODE ANN. § 152.016(a) (Vernon 1999); *see also* Tex. Att'y Gen. Op. No. DM-405 (1996) at 4. Within ten days of receiving a request for a hearing, the salary grievance committee must conduct a public hearing. *See* TEX. LOC. GOV'T CODE ANN. § 152.016(b) (Vernon 1999); Tex. Att'y Gen. Op. No. DM-405 (1996) at 4. If the salary grievance committee mandates or recommends that the commissioners court increase an aggrieved officer's salary or expenses, the commissioners court must or may, respectively, adjust the budget "before the budget is filed and the increase takes effect in the next budget year." TEX. LOC. GOV'T CODE ANN. § 152.016(c) (Vernon 1999); *see also* Tex. Att'y Gen. Op. No. DM-405 (1996) at 4. Generally, a county with a population fewer than 225,000, such as your county, may levy taxes and expend funds only in accordance with the approved budget. *See* TEX. LOC. GOV'T CODE ANN. § 111.010(a), (b) (Vernon 1999); *see also* 1 BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 1990 CENSUS OF POPULATION: General Population Characteristics: Texas 4 (1992) (Van Zandt County population is 37,944) (48,140 according to 2000 census, *available at* http://www.census.gov/).

On July 31, 2001, the Van Zandt County Judge filed a proposed budget for fiscal year 2001-2002, which began on October 1, 2001. *See* Brief in Support, *supra* note 1, at 1. As proposed, the budget allocated an annual salary of $18,876 for each of four elected constables, which amount did not increase the salary for any constable. *See id.* The county commissioners court held a public hearing on the budget on August 20, 2001, and on the same day, the commissioners court approved the proposed budget in its regular meeting "during the regular budget hearing and adoption

proceedings." *Id.* "The salary of each of the four constables was set at $18,876, as had been proposed by the County Judge." *Id.*

One day later, on August 21, 2001, the Van Zandt County Auditor "provided written notice to each elected county and precinct officer of the officer's salary and personal expenses to be included in the budget." *Id.* You state that the auditor "served the written notice by telephonic document transfer," which we assume to be by fax. *Id.* Upon receiving written notice, two of the constables properly filed grievances within the time period specified in section 152.016 of the Local Government Code, and the salary grievance committee mandated the requested increases. *See id.*; *see also* TEX. LOC. GOV'T CODE ANN. § 152.016 (Vernon 1999).

You suggest that the remaining two constables claim they did not receive the faxed written notices. *See* Brief in Support, *supra* note 1, at 2. You allege, however, that the county auditor faxed the written notices "to the telecopier number published on each constable's letterhead. The same telecopier numbers are used by the respective justices of the peace," each of whom received his or her written notice and filed a grievance. *Id.* Moreover, the auditor "maintained 'transmission verification reports' verifying the transmission of the notice" to the two constables, and you have sent copies of the reports that purport to indicate the date, time, and length of the fax transmission and the destination. *Id.*; *see also id.* app. A.

The two constables have requested a hearing before the salary grievance committee, although, aside from the timeliness issue, their requests do not strictly comply with the requirements of section 152.016. One constable's request did not "state the desired change in salary or personal expenses," as section 152.016(a)(3) requires. TEX. LOC. GOV'T CODE ANN. § 152.016(a)(3) (Vernon 1999); *see* Brief in Support, *supra* note 1, at 2; *id.* app. B (copy of letter from David Smith). The other constable "verbally requested a hearing," although the statute requires a written request. Brief in Support, *supra* note 1, at 2; *see* TEX. LOC. GOV'T CODE ANN. § 152.016(a)(1) (Vernon 1999).

At its September 10, 2001 meeting, the commissioners court met in regular session and adjusted the budget to increase the salaries for the two constables who had properly filed grievances with the salary grievance committee. *See* Brief in Support, *supra* note 1, at 3. The court approved the budget, as amended, but the court has not filed it with the county clerk, pending a response from the Attorney General. *See id.* at 3-4.

You specifically ask two questions:

> [1] Is telephonic document transfer with transmission verification sufficient to comply with the requirements of section 152.013 of the Local Government Code? [and]

> [2] If a county or precinct officer did not receive written notice of the officer's salary and personal expenses as required by section 152.013 of the Local Government Code, may the time limit of section

> 152.016[,] which requires a request for a hearing before the salary grievance committee to be made prior to the approval of the county's budget be extended to allow the request to be made after the approval of the budget but before the budget is filed with the county clerk[?]

*Id.* at 4, 6.

We conclude, in response to your first question, that section 152.013 of Local Government Code does not as a matter of law preclude a commissioners court from faxing its written notice to an elected officer. Section 152.013 requires only that a commissioners court give "written notice to each elected . . . officer of the officer's salary and personal expenses to be included in the budget." TEX. LOC. GOV'T CODE ANN. § 152.013(c) (Vernon 1999). As you point out, the Code Construction Act directs that the term "'written' includes any representation of words, letters, symbols or figures." TEX. GOV'T CODE ANN. § 311.005(11) (Vernon 1998); *see* Brief in Support, *supra* note 1, at 4. Thus defined, the term does not indicate any particular means by which a "written" notice must be delivered to the recipient. Faxing a document involves transmitting the spots of color on a page telephonically to a receiving fax machine. *See* BLACK'S LAW DICTIONARY 624 (7th ed. 1999) (defining "fax" as "method of transmitting over telephone lines an exact copy of a printing."); Marshall Brain, *How Fax Machines Work, at* http://www.howstuffworks.com/fax-machine.htm. Accordingly, a county may determine the method or methods it will use to deliver the required written notice to the elected officers entitled to notice. *See* Tex. Att'y Gen. Op. No. JC-0171 (2000) at 1 (stating that county commissioners court may exercise only those powers that state constitution and statutes confer upon it, either explicitly or implicitly); *see also* TEX. BUS. & COMM. CODE ANN. § 43.007(c) (Vernon 2002) (providing that, with respect to "transaction," electronic record satisfies law requiring written record) (effective January 1, 2002).

In response to your second question, we conclude that an elected officer who as a matter of fact does not receive the required written notice is entitled to have five days after actually receiving the notice in which to file his or her grievance under section 152.016. The statute's plain language indicates that the five-day period does not start to run until the date the officer receives notice, and this is not considered an "extension" of the five-day period. *See id.*; Brief in Support, *supra* note 1, at 6. Under section 152.016, an elected officer who wishes to file a request for a salary grievance hearing must do so by a writing that is "delivered to the committee chairman *within five days after the date the officer receives notice* of the salary or personal expenses." TEX. LOC. GOV'T CODE ANN. § 152.016(a)(2) (Vernon 1999) (emphasis added). Whether, as a matter of fact, an officer actually received notice for the purposes of section 152.016 is a question that is inappropriate for this office to consider. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that question of fact is beyond purview of this office); JC-0027 (1999) at 3 (stating the questions of fact cannot be addressed in attorney general opinion); JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process). Of course, the officer's request for a hearing must be written and must "state the desired change in salary or personal expenses." *See* TEX. LOC. GOV'T CODE ANN. § 152.016(a)(1), (3) (Vernon 1999).

Yet, the allowable time period in which an officer may file a complaint is not unlimited. Section 152.016 of the Local Government Code requires an officer to request a hearing before the salary grievance committee "before the approval of the county's annual budget." TEX. LOC. GOV'T CODE ANN. § 152.016(a) (Vernon 1999). Moreover, a salary grievance committee may not meet to hear a complaint after the start of the county's fiscal year. *See* Tex. Att'y Gen. Op. No. DM-405 (1996) at 4. The county may not extend this time period by delaying the budget's filing.

## S U M M A R Y

Section 152.013 of Local Government Code does not as a matter of law preclude a commissioners court from faxing its written notice to an elected officer. *See* TEX. LOC. GOV'T CODE ANN. § 152.013(c) (Vernon 1999). A county may determine the method or methods it will use to deliver the required written notice to the elected officers entitled to notice.

An elected officer who as a matter of fact does not receive the written notice that section 152.013 requires is entitled to have five days after actually receiving the written notice in which to file his or her grievance under section 152.016. *See id.* § 152.016(a)(2). Whether an officer actually received notice for the purposes of section 152.016 is a question of fact. Nevertheless, the allowable time period in which the officer may complain to the salary grievance committee does not extend beyond the start of the county's fiscal year.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee